68260. FITZPATRICK v. GENERAL MOTORS CORPORATION.
(323 SE2d 703)

McMURRAY, Chief Judge.

This case involves a claim for workers' compensation, i.e., the payment of medical expenses. The issue is not as to whether claimant's injury arose out of and in the course of his employment, but a hearing was set to determine medical expenses, penalties and attorney fees under the stipulation of facts contained in a Form WC-2 filed with the board. An administrative law judge denied the claimant's efforts to have the self-insurer pay for the medical expenses incurred by a local physician not selected by the employer, who was not on the panel of authorized physicians, and there was no finding that there was an emergency.

On appeal to the full board it remanded the claim to the administrative law judge to receive evidence as to the actual medical expenses incurred as a result of the treatment rendered to the claimant by the local physician. Further, the interlocutory order of remand stated that since a doctor who was on the list of physicians approved by the employer/self-insurer referred the claimant to the local doctor for treatment, the local doctor's treatment "subsequent to May 15, 1980, was authorized." However, since the employer/self-insurer does not agree as to all the charges by the local physician as "attributable to treatment of claimant's injury," it was remanded to the administrative law judge for determination of the actual expenses incurred as the result of treatment rendered by the local physician "which is attributable to claimant's injuries."

Upon the call of the claim the administrative law judge recited in the record that counsel for the parties "called and stated that it was stipulated between the parties that the medical bill rendered by Doctor Weaver [the local physician] would be paid by the defendants, and this is being confirmed by a letter stipulating the same and based on this stipulation the decision will be written by the Full Board." The administrative law judge so ordered based upon this stipulation that the medical expenses would be paid and referred it to the board for such order. Thereafter, the full board made its award as to the acceptance of claimant's claim in Exhibit 1, attached to the transcript dated March 16, 1982, as reflecting the total charges to be paid by the

employer/self-insurer, and directed the employer/self-insurer to pay the local doctor "all of those medical expenses set forth in claimant's Exhibit No. 1."

The employer/self-insurer appealed to the superior court which set forth a part of the statute found in former Code Ann. § 114-504 (Ga. L. 1978, pp. 2220, 2226), now OCGA § 34-9-201, with reference to the selection of physicians that the statute provided two methods for an employee to select a physician, (1) "acceptance of a physician selected by the employer," or (2) "selection of a physician from the posted panel required under that section," and the only exception is for an emergency or similar circumstances which render the claimant unable to make a selection. The court determined that the full board's award was erroneously entered.

On application for discretionary appeal we granted same and the case is here for review. The superior court's order is dated July 14, 1983, in which it interprets former Code Ann. § 114-504, supra, now found in OCGA § 34-9-201. We note here that subsection (b) of former Code Ann. § 114-504, supra, now subsection (c) of OCGA § 34-9-201, states clearly that the physician selected "under this subsection may arrange for any consultation, referral, and extraordinary or other special medical services as the nature of the injury may require." It is shown in the case sub judice that when the claimant was contending his local personal physician in Cedartown, Georgia, had treated him (which he contends was an emergency) for his work related injury he thereafter contacted the employer and was directed to a Dr. Thomas Marks of Atlanta, Georgia. Dr. Thomas Marks was authorized by the employer/self-insurer to see and treat the claimant. Thereafter, Dr. Marks referred the claimant to claimant's local physician for treatment. The referral to the local physician made by Dr. Marks in Atlanta states that he should return to the local physician in Cedartown "where he lives, for further treatment and evaluation should his symptoms continue." Apparently his symptoms did continue and he eventually saw a Dr. Barnett who was also an authorized physician. The record discloses that after surgery the claimant contends, as he so testified, that Dr. Barnett recommended him to go back to Dr. Weaver (the local physician) "for treatments because he said by the time I drove to Marietta and back to Cedartown that the treatment he gave would not be any good," and sets forth that the treatment involved was "[s]onolator and heat treatments."

First of all, the record discloses that the employer/self-insurer by and through its counsel stipulated and agreed that the medical bill rendered by the local physician (Dr. Weaver) would be paid. The employer/self-insurer is bound by its agreement with reference to the payment of this bill. OCGA § 34-9-201 (c) recites that an employee may accept the services of a physician selected by the employer, in

this instance a Dr. Marks in Atlanta, Georgia. The subsection continues "[t]he physician selected under this subsection may arrange for any consultation, referral, and extraordinary or other specialized medical services as the nature of the injury shall require." Both Dr. Marks and Dr. Barnett, who are approved by the employer/self-insurer, referred the claimant to the local physician for the "[s]onolator and heat treatments." For the above reasons the superior court erred in declaring the award entered by the full board be set aside. The treatment was authorized and the employer/self-insurer agreed to pay the bill which was approved by the board.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1984.

*John M. Strain*, for appellant.
*Gordon A. Smith, William A. Clineburg, Jr.*, for appellee.